

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable James K. Evetts
District Attorney
Lampasas, Texas

Dear Sir:                    Opinion No. O-4333
                             Re: Validation of consolidation
                                 proceedings.

        We have received your letter of recent date in
which you submit the following information:

        The County School Board of Lampasas County
    met on September 9, 1939, and passed an order
    which purportedly consolidated the Live Oak Grove
    Common School District No. 31 with the Lometa
    Independent School District, both in Lampasas
    County. No election was held, and the consent
    of the trustees of the school districts was not
    obtained. The Forty-seventh Legislature passed
    a general validating Act (Acts 1941, 47th Legis-
    lature, Regular Session, Chapter 11, S. B. No.
    72; codified by Vernon as Article 2815g-25).

        You wish to know the opinion of this department
as to whether the consolidation is now effective as such.

        Article 2922a, Vernon's Annotated Civil Statutes,
reads in part as follows:

        "In each organized county in this State
    and in any county which shall hereafter be or-
    ganized, the county school trustees shall have
    the authority to form one or more rural high
    school districts, by grouping contiguous common
    school districts having less than four hundred
    scholastic population and independent school
    districts having less than two hundred and fifty
    scholastic population for the purpose of estab-
    lishing and operating rural high schools, pro-
    vided also that the county school trustees may
    annex one or more common school districts or one

Honorable James K. Evetts, Page 2

or more independent school districts having less than two hundred and fifty scholastic population to a common school district having four hundred or more scholastic population or to an independent district having two hundred and fifty or more scholastic population upon the approval of the board of trustees of each school district affected; provided that when one or more common school districts are so annexed to a common school district having four hundred or more scholastic population, or to an independent district having two hundred and fifty, or more scholastic population, as the case may be, a board of trustees shall be elected from the district at large and shall have the management and control of the district as enlarged until the time for the next election and qualifications of trustees for common and independent districts, as provided by General Law. . . ."

The case of County Board of School Trustees et al v. Gray et al, 142 S. W. (2d) 697 (W. E. Ref.) dealt with the annexation of a common school district to an independent school district. The court in construing Article 2922a, et seq., made the following statement:

"No election was required. The consent of the trustees of both districts was sufficient to authorize the annexation by order of the County Board of School Trustees."

The case of Barnhart v. County Board of School Trustees of Young County, 108 S. W. (2d) 770, also dealt with the annexation of a common school district to an independent school district under Article 2922a. We quote from the opinion of the court as follows:

"If it could be said that the petition by the two trustees of the Flint Creek Common School District could in any way affect the validity of the order of the county board in annexing that district to the Graham Independent District on May 9, 1935, the defects were cured by the validating Act of the 44th Legislature, 1935, Regular Session, chap. 221, p. 530 (Vernon's Ann. Civ. St. art. 2815g-7), which act became effective May 10,

612

1935, as well also by the Act of the First Called Session, 44th Legislature, 1935 (chapter 418), now article 2806a, Vernon's Ann. Civ. St. which act became effective on October 17, 1935. These validating acts covered almost every conceivable irregularity, oversight, inadvertence, and harmless dereliction in proceedings leading up to the formation, designation, consolidation, and annexation in matters of school districts, and, as stated, we believe the county board was warranted in accepting the petition and request of the two trustees of the common school district as in good faith being the act of the board of trustees of that district, yet these broad validating acts were passed by the Legislature to set all such apparent debatable deficiencies at rest; and we think they are sufficient for that purpose."

We do not find it necessary to decide whether the annexation was valid or otherwise. We believe that even if the consolidation were invalid, Article 2815g-25 is amply sufficient in its terms to validate the formation of the school district. Sections 1, 2 and 3 of Article 2815g-25 read as follows:

"Section 1. All School Districts, including Common School Districts, Independent School Districts, Consolidated Common School Districts, Rural High School Districts, all County Line School Districts, including County Line Common School Districts, County Line Independent School Districts, County Line Consolidated Common School Districts, County Line Consolidated Independent School Districts, County Line Rural High School Districts, and Districts formed by Consolidation of Rural High School Districts and contiguous Independent School Districts, and all other School Districts, groups or annexations of whole Districts or parts of Districts by vote of the people residing in such Districts or by action of County School Boards, whether created by General or Special Law in this State, and heretofore laid out and established or attempted to be established by the proper officers of any County, or by the Legislature of

the State of Texas, and heretofore recognized by
either State or County authorities as School Dis-
tricts, are hereby validated in all respects as
though they had been duly and legally established
in the first instance. All acts of the Boards of
Trustees in such Districts and all Commissioners'
Courts in ordering an election or elections, de-
claring the results of such elections, levying,
attempting or purporting to levy taxes for and on
behalf of such School Districts, and all bonds
issued and now outstanding, and all bonds hereto-
fore voted but not yet issued, and all bond as-
sumption tax elections, are hereby in all things
validated. The fact that by inadvertence or over-
sight any act of the officers of any County in
the creation of any District was omitted shall
in no wise invalidate such District; and the fact
that by inadvertence or oversight any act was
omitted by the Board of Trustees of any such Dis-
trict or the Commissioners' Court of any County
in ordering an election or elections, or in de-
claring the results thereof, or in levying the
taxes for such District, or in the issuance of
the bonds of any such District, shall in no wise
invalidate any of such proceedings or any bonds
so issued by such Districts.

"All acts of the County Boards of Trustees
of any and all Counties in rearranging, changing,
or subdividing such School Districts or increas-
ing or decreasing the area thereof, in any School
District of any kind, or in creating new Districts
out of parts of existing Districts or otherwise,
are hereby in all things validated.

"Sec. 2. All School Districts mentioned in
this Act are hereby authorized and empowered to
levy, assess, and collect the same rate of tax as
is now being levied, assessed and collected there-
in, and heretofore authorized or attempted to be
authorized by any act, or acts of said Districts,
or by any Act, whether General or Special, of the
Legislature.

"Sec. 3. This Act shall not apply to any Dis-
trict, the organization or creation of which, or

consolidation or annexation of any territory in or to such District which is now involved in litigation, or the validity of the organization or creation of which, or consolidation or annexation of territory in or to such Districts, is attacked in any suit or litigation pending in any court of competent jurisdiction which has been filed heretofore or within twenty (20) days after the effective date of this Act. Provided further that this Act shall not apply to any District which may have been established or consolidated, and which was later returned to its original status."

Chief Justice Cureton, speaking for the Supreme Court in the case of Anderson County Road District No. 8 v. Pollard, 296 S. W. 1062, had the following to say regarding validating acts:

"The general and established rule is, what the Legislature could have authorized in the first instance it can ratify, if at the time of ratification it has the initial authority to authorize."

And Justice Critz, speaking for the Commission of Appeals in the case of Lyford Independent School District et al v. Willimar Independent School District et al, 34 S. W. (2d) 854, said the following:

"The validating act in question is not a special but a general law, and the power of the Legislature to enact curative statutes of this kind is no longer an open question in this state." See also Twing v. Rhodes, 16 S. W. (2d) 258; Tom Green County v. Moody, 289 S. W. 381; Brown v. Truscott Independent School District et al, 34 S. W. (2d) 837.

In view of the foregoing authorities, it is the opinion of this department that even if the consolidation were invalid at the time of the order of the County School Board, the consolidated district is now, by virtue of its validation by Article 2815g-25, a legal school district.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _George W. Sparks_
George W. Sparks
Assistant

GWS:mp